## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MICHIGAN

**BIGG BURGER, INC.**, a Michigan
corporation,

      Plaintiff,

v.

**BIG BURGZS LLC**, a Michigan limited
liability company, and **BILLY OWENS**,

      Defendants.

Case No.:  2-19-cv-13413
Hon. Paul D. Borman
Magistrate Judge Anthony P. Patti

| HOWARD & HOWARD ATTORNEYS PLLC | WOOD HERRON & EVANS LLP |
|---|---|
| Michael F. Wais (P45482) | Laurence C. Begin (P55058) |
| Jonathan F. Karmo (P76768) | Of Counsel |
| Attorneys for Plaintiff | Attorney for Defendants |
| 450 W. Fourth Street | 2700 Carew Tower, 411 Vine Street |
| Royal Oak, MI  48067-2557 | Cincinnati, OH 45202-2917 |
| (248) 645-1483 | (513) 241-2324 |
| Fax:  (248) 645-1568 | Fax:  (513) 241-6234 |
| mwais@howardandhoward.com | lbegin@whe-law.com |
| jkarmo@howardandhoward.com | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(6)

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................iii

MOST CONTROLLING AUTHORITIES ............................................. v

STATEMENT OF QUESTIONS PRESENTED....................................vi

INTRODUCTION ............................................................................... 1

PROCEDURAL HISTORY................................................................... 2

FACTUAL BACKGROUND ................................................................ 3

LEGAL STANDARD........................................................................... 5

ARGUMENT ...................................................................................... 6

I.    DEFENDANTS' MOTION DOES NOT COMPLY WITH THE
      LOCAL RULES OR THE COURT'S PRACTICE GUIDELINES ............ 6

II.   DEFENDANTS' MOTION IS UNTIMELY ................................. 8

III.  PLAINTIFF'S COMPLAINT STATES PLAUSIBLE CLAIMS UPON
      WHICH RELIEF CAN BE GRANTED ....................................... 9

      A.    Plaintiff Has Stated Viable Claims for Relief ..................... 9

            1.    Plaintiff plausibly alleges trademark infringement (Count
                  1) ........................................................................... 10

            2.    Plaintiff plausibly alleges unfair competition (Count II)........ 11

            3.    Plaintiff has plausibly alleged unfair and deceptive trade
                  practices under Michigan law (Count III)............................. 11

            4.    Plaintiff plausibly alleges declaratory relief (Count IV) ........ 13

            5.    Defendants' argument for dismissal is misguided.................. 13

      B.    If the Court Determines that Any of Plaintiff's Claims are Not
            Plausibly Pleaded, Plaintiff Should Be Given Leave to Amend....... 15

C.    Defendants' Motion to Dismiss Attaches Extraneous Documents that Cannot Be Considered ................................................................ 16

CONCLUSION .............................................................................. 17

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...............................................................................6

*B&B Hardware, Inc. v. Hargis Indus. Inc.*,
   575 U.S. 138 (2015) .............................................................................14

*Etherton v. Serv. First Logistics, Inc.*,
   No. 17-10341, 2017 WL 8682363 (E.D. Mich. Apr. 7, 2017).......................9, 17

*Happy's Pizza Franchise, LLC v. Papa's Pizza, Inc.*,
   108 U.S.P.Q.2d 1239 (E.D. Mich. 2013) .............................................11

*Hensley Mfg., Inc. v. ProPride, Inc.*,
   579 F. 3d 603 (6th Cir. 2009) ..............................................................10

*Miss Dig Sys., Inc. v. Power Plus Engineering, Inc.*,
   944 F. Supp. 600 (E.D. Mich. 1996) ...................................................11

*Nagler v. Garcia*,
   370 Fed. Appx. 678 (6th Cir. 2010) .....................................................10

*Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*,
   732 F.3d 645 (6th Cir. 2013) .................................................................6

*Thomas v. Briggs*,
   No. 15-10210, 2016 WL 5405349 (E.D. Mich. Sept. 28, 2016)...........................9

## STATUTES

28 U.S.C. § 2201 ......................................................................................13

## RULES

E.D. Mich. L. R. 5.1(a)(2)..........................................................................v

E.D. Mich. L.R. 5.1(a)(2)...........................................................................8

E.D. Mich. L.R. 5.1(a)(3) ........................................................................ v, 8

E.D. Mich. L.R. 7.1(a) ................................................................................. 6

E.D. Mich. L.R. 7.1(a)(1) ....................................................................... v, 6

E.D. Mich. L.R. 7.1(a)(2) ............................................................................ 6

E.D. Mich. L.R. 7.1(d) ........................................................................... v, 7

Fed. R. Civ. P. 12(a)(1)(A)(i) .................................................................. v, 8

Fed. R. Civ. P. 12(b) ............................................................................... v, 8

Fed. R. Civ. P. 12(b)(6) ..................................................................... vi, 5, 6, 9

Fed. R. Civ. P. 12(d) ............................................................................. v, 16

Fed. R. Civ. P. 15(a)(2) ............................................................................ 15

Fed. R. Civ. P. 56 ............................................................................... vi, 16

MCR 2.603(A)(3) ...................................................................................... 9

## <u>MOST CONTROLLING AUTHORITIES</u>

For Defendants' failure to comply with the Local Rules: E.D. Mich. L.R. 7.1(a)(1), E.D. Mich. L. R. 5.1(a)(2), E.D. Mich. L.R. 5.1(a)(3), and E.D. Mich. L.R. 7.1(d).


For Defendants failure to file the motion to dismiss in a timely manner:  Fed. R. Civ. P. 12(a)(1)(A)(i) and 12(b).


For Defendants failure to apply the correct standard of review: Fed. R. Civ. P. 12(d).

## <u>STATEMENT OF QUESTIONS PRESENTED</u>

I.  WHETHER DEFENDANTS' MOTION TO DISMISS SHOULD BE
DENIED FOR FAILING TO COMPLY WITH THE LOCAL RULES AND
THE COURT'S MOTION PRACTICE GUIDELINES; NAMELY, FOR
FAILING TO SEEK CONCURRENCE BEFORE FILING THE MOTION.

Plaintiff says:              Yes.

II. WHETHER DEFENDANTS' MOTION TO DISMISS SHOULD BE
DENIED BECAUSE IT IS UNTIMELY UNDER THE FEDERAL RULES
AND DEFENDANTS ARE PRESENTLY IN DEFAULT.

Plaintiff says:              Yes.

III. WHETHER DEFENDANTS' MOTION TO DISMISS SHOULD BE
DENIED BECAUSE IT IGNORES THE APPROPRIATE LEGAL
STANDARD UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6),
IMPROPERLY ATTACHES DOCUMENTS OUTSIDE THE PLEADINGS,
IGNORES SEVERAL CLAIMS MADE IN THE COMPLAINT,
ERRONEOUSLY ASSERTS THAT CLAIMS HAVE NOT BEEN
STATED, AND IS EFFECTIVELY A PREMATURE RULE 56 MOTION
FOR SUMMARY JUDGMENT BEFORE THE COMMENCEMENT OF
DISCOVERY.

Plaintiff says:              Yes.

**<u>INTRODUCTION</u>**

Defendants have filed an *untimely* motion to dismiss, 76 days after being served with the summons and complaint.  Indeed, Defendants are presently in default, and the properly entered defaults against Defendants have not been set aside by the Court.  The motion to dismiss should be denied for this reason alone.

Moreover, Defendants filed their motion to dismiss without seeking concurrence as required by the Local Rules and this Court's Motion Practice Guidelines.  The motion to dismiss was filed without ever attempting to seek concurrence or discuss the legal basis of the motion with the undersigned.   What makes this even more offensive is that if concurrence had been sought, Plaintiff's attorneys would have explained and corrected the typographical error upon which this improper motion is premised.

Finally, setting aside the procedural deficiencies, at best, Defendants' motion is a premature motion for summary judgment, filed at the outset of the case, before any discovery.  Defendants' motion attaches matter outside the pleadings and argues for dismissal based exclusively on the extraneous documents.  This is improper and it ignores the applicable legal standard.  In addition, Defendants motion ignores several claims as if they did not exist and erroneously asserts that the other claims are invalid even though the factual allegations support the claims.

For these reasons, which are explained in more detail below, Defendants' motion to dismiss should be denied in its entirety.

## PROCEDURAL HISTORY

On November 19, 2019, Plaintiff initiated this action. ECF No. 1.  Plaintiff's Complaint alleges: (1) federal trademark infringement, (2) federal unfair competition, (3) state law claims for unfair and deceptive trade practices, and (4) declaratory relief.  *See* ECF No. 1.

On December 26, 2019, after Defendants evaded service of the Complaint, Plaintiff filed a motion for substitute service.  *See* ECF No. 7.  On January 8, 2020, the Court granted Plaintiff's motion for substitute service.  *See* ECF No. 10. Defendants were then served on January 16, 2020. *See* ECF Nos. 11–14.

On February 11, 2020, Plaintiff requested a default. *See* ECF No. 15.  On February 12, 2020, Defendants were defaulted for failing to file a responsive pleading or otherwise defend against Plaintiff's claims. *See* ECF Nos. 16, 17. Accordingly, on March 2, 2020, Plaintiff filed a motion with this Court seeking entry of a default judgment, which remains pending.  *See* ECF No. 18.

76 days after being served, Defendants finally responded by filing a response to the motion for default judgment and a motion to dismiss.  *See* ECF Nos. 23, 24.

## <u>FACTUAL BACKGROUND</u>

Plaintiff is the owner of U.S. Trademark Registration No. 3,957,515[1] for Class 43, restaurant services, which constitutes the word mark "BIGG BURGER" and the logo depicted below:



*See* ECF No. 1 at PageID.1.  Plaintiff's mark was registered on May 10, 2011, and it has been in consecutive use for over 5 years, reaching incontestable status. *Id.* at PageID.2.

Plaintiff owns and operates a restaurant in Livonia, Michigan, and has been using its trademark in the operation of its business since at least February 2011. *Id.* Plaintiff advertises its services in Michigan, including through the following Internet advertising:

---

[1]  The Complaint inadvertently references U.S. Trademark Registration No. 3,924,358, which is Plaintiff's second trademark for the word "BIGG BURGER."  It is undisputed from the public record that Plaintiff is the owner of both marks.  *See* ECF No. 24-1 (USPTO details for both trademarks).  And, based on Plaintiff's allegations in the Complaint, including pictures of its word and logo mark and the date of registration, reference to U.S. Trademark Registration No. 3,924,358 was clearly an inadvertent typographical error that should have been referenced to U.S. Trademark Registration No. 3,957,515.



*Id.* at PageID.6.

Defendant, Big Burgzs LLC, operates a confusingly similar restaurant as Plaintiff, located in Detroit, Michigan, owned and operated by Defendant Owens individually. *Id.* at PageID.6–7.  Defendants' use of the name "Big Burgz" is confusingly similar to Plaintiff's name and trademark.  And, to make matters worse, Defendants advertise and promote their restaurant using a confusingly similar look and feel, with the same color scheme, general layout, photographs, and menu items. *Id.* at PageID.7.  For example, below is a screenshot showing Defendant's Internet advertising, which is strikingly similar to Plaintiff's advertising and layout:



*Id.* at PageID.7.

Defendants' use of its confusingly similar marks has led to actual confusion. In 2019, a customer who visited Plaintiff's Livonia restaurant complained about Plaintiff's "Detroit location" having lower quality food and service than its Livonia location. *Id.* However, the customer was referring to Defendant's restaurant in Detroit. Plaintiff does not have and never has had a Detroit location. *Id.*

## LEGAL STANDARD

A motion to dismiss is an attack on the pleadings alone. *See* Fed. R. Civ. P. 12(b)(6) (a party may file a motion to dismiss a pleading for "failure to state a claim upon which relief can be granted"). For a complaint to survive a motion to dismiss, it must contain "either direct or inferential allegations respecting all material

elements necessary for recovery under a viable legal theory." *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013) (citation and internal quotation marks omitted). All well-pleaded factual allegations in the complaint are accepted as true. *Id.* In short, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted).

## ARGUMENT

Defendants' motion does not comply with the Local Rules, and it otherwise ignores the applicable standard of review under Federal Rule of Civil Procedure 12(b)(6). Defendants' motion should be denied in its entirety for the reasons below.

## I.  DEFENDANTS' MOTION DOES NOT COMPLY WITH THE LOCAL RULES OR THE COURT'S PRACTICE GUIDELINES

The Local Rules mandate that "[t]he movant must ascertain whether the contemplated motion . . . will be opposed." E.D. Mich. L.R. 7.1(a)(1). To this end, the motion "must state: (A) there was a conference between attorneys . . . in which the movant explained the nature of the motion . . . and its legal basis and requested but did not obtain concurrence in the relief sought; [or] (B) despite reasonable efforts specified in the motion, the movant was unable to conduct a conference." *Id.* at 7.1(a)(2). Likewise, this Court's Motion Practice Guidelines make clear that, "[t]he Court requires strict compliance with E.D. Mich. L.R. 7.1(a) regarding seeking

concurrence in motions." *See* Practice Guidelines, Honorable Paul D. Borman,

https://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=15.

Here, Defendants' motion does not comply with the Local Rules or the
Court's Motion Practice Guidelines. Defendants filed the motion on March 24,
2020, at 10:20 p.m., without ever having reached out to Plaintiff's counsel to discuss
the motion or its legal basis. Indeed, the frustrating reality is that, if Defendants'
counsel sought concurrence, the instant motion to dismiss could have been avoided
entirely. Defendants' motion clings almost entirely on a typographical error in
Plaintiff's Complaint—in which Plaintiff cites to the correct trademark that it is
asserting in this case but references the trademark incorrectly by number. *See, infra,*
at n.1. Defendants are aware of this fact as their own motion attaches *both* Plaintiff's
trademarks, and Defendants' motion recognizes the logo/word mark being asserted
in this action. Simply put, Defendants' motion should be denied for its failure to
seek concurrence in compliance with the Local Rules and the Court's Motion
Practice Guidelines.

Moreover, Defendants' motion does not comply with E.D. Mich. L.R. 7.1(d).
There is nothing in the motion clearly identified as a "brief"—and, to make matters
worse for Defendants, it appears that Defendants have answered multiple allegations
in the complaint. At the outset, Defendants' motion reads more like an Answer than
a Motion to Dismiss—with numbered paragraphs specifically targeting numbered

paragraphs in Plaintiff's Complaint.  Then, amid what can only be described as a stream of consciousness, Defendants abandon numbering the paragraphs and mutate the motion into a procedurally offensive brief.  The motion should be denied for these reasons also.[2]  At this early stage of the litigation, Defendants should be discouraged from filing such carelessly drafted motions disregarding Local Rules.

## II.   DEFENDANTS' MOTION IS UNTIMELY

By failing to file a timely motion to dismiss in compliance with the Federal Rules, Defendants have waived their ability to file such a motion.  The Federal Rules of Civil Procedure require the filing of a motion to dismiss within 21 days after being served with the summons and complaint.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i) and 12(b).  Here, Defendants were served with the summons and complaint on January 8, 2020. *See* ECF Nos. 12, 13.  Defendants' motion to dismiss was not filed until March 24, 2020, which is 76 days after being served with the summons and complaint.  Moreover, Defendants are presently in default. *See* ECF Nos. 16, 17. Defendants cannot file a "responsive pleading" with the defaults in place— especially where the "responsive pleading" Defendants have filed is untimely under the Federal Rules.[3]  If the Court sets aside the defaults, which it should not,

---

[2] Defendants' motion also fails to comply with E.D. Mich. L.R. 5.1(a)(2) and (3) because it is not 14-point font or double spaced.

[3] It is a commonly accepted practice that a defaulted party must first set aside a default before filing any motions seeking further action in the case.  Indeed, although not binding on this Court, Michigan court rules explicitly address, and

Defendants must be required to answer the complaint *before* filing any motion, and the motion cannot be considered under Rule 12(b)(6). *See, e.g.*, *Thomas v. Briggs*, No. 15-10210, 2016 WL 5405349, at *2 (E.D. Mich. Sept. 28, 2016) (an untimely motion to dismiss after an answer is filed converts to a motion for judgment on the pleadings under Rule 12(c)); *see also, Etherton v. Serv. First Logistics, Inc.*, No. 17-10341, 2017 WL 8682363, at *1 (E.D. Mich. Apr. 7, 2017) (same).

## III. PLAINTIFF'S COMPLAINT STATES PLAUSIBLE CLAIMS UPON WHICH RELIEF CAN BE GRANTED

Setting aside the procedural deficiencies and violations of the Local Rules, Defendants' motion ignores the appropriate legal standards governing motions to dismiss. Defendants fail to recognize that *all* well-pled allegations in the Complaint must be accepted as true for purposes of deciding the motion, and that Defendants cannot attach extraneous documents outside of the pleadings. Considered under the appropriate legal standard of review, Defendants' motion must be denied.

### A. Plaintiff Has Stated Viable Claims for Relief

Accepting the Complaint's well-pleaded allegations as true, Plaintiff has set forth plausible claims against Defendants upon which relief can be granted.

---

prohibit, such practice. *See* MCR 2.603(A)(3) ("[a]fter the default of a party has been entered, that party may not proceed with the action until the default has been set aside by the court"). Plaintiff recognizes that MCR 2.603(A)(3) does not apply in this case, but the point is that Defendants cannot simply file a "motion to dismiss" that is untimely under the Federal Rules while they remain in default.

## 1.    Plaintiff plausibly alleges trademark infringement (Count 1)

To establish trademark infringement, Plaintiff must allege facts that show "(1) it owns the registered trademark; (2) the defendant used the mark in commerce; and (3) the use was likely to cause confusion." *Hensley Mfg., Inc. v. ProPride, Inc.*, 579 F. 3d 603, 609 (6th Cir. 2009) (citing 15 U.S.C. §1114); *see Nagler v. Garcia*, 370 Fed. Appx. 678, 680 (6th Cir. 2010).  Here, Plaintiff has alleged facts that, when accepted as true, establish each element of its claim.

*First*, Plaintiff alleges its word and logo mark are registered with the United States Patent and Trademark Office. ECF No. 1, p. 5, at ¶ 17.[4]

*Second*, Plaintiff alleges that Defendants have used the mark in commerce. ECF No. 1, p. 6, at ¶ 21.  Indeed, the Complaint provides specific examples of Defendants' use, including use that has led to actual confusion.  *Id.* at PageID.6–7.

*Third*, Plaintiff alleges that Defendants' mark is confusingly similar.  *See* ECF No. 1, p. 6, at ¶¶ 22, 23.  Again, the Complaint goes a step further to allege actual confusion that has resulted.  *Id.* at PageID.6–7.  Simply put, the well-pleaded facts, taken as true, establish a *prima facie* case for trademark infringement.

---

[4] As explained, Plaintiff's Complaint references the correct word/logo trademark [including with pictures of the mark] but inadvertently references the wrong trademark number.  *See infra* at n. 1.  Regardless, however, accepting the Complaint's allegations as true, Plaintiff has plausibly alleged existence of its registered mark.

### 2.    Plaintiff plausibly alleges unfair competition (Count II)

To establish unfair competition, a plaintiff must plead the following: (1) it has a protectable mark, logo, or trade dress, and (2) there is a likelihood of confusion. *Happy's Pizza Franchise, LLC v. Papa's Pizza, Inc.*, 108 U.S.P.Q.2d 1239, 1244 (E.D. Mich. 2013).   Again, Plaintiff has alleged facts that would establish the necessary elements of its claim.

*First*, Plaintiff alleges facts showing that it has a protectable interest in its marks, logo, and/or trade dress. *See* EFC No. 1, at ¶¶ 13, 14, 19, 20.

*Second*, Plaintiff alleges a likelihood of confusion. ECF No. 1, at ¶¶ 23, 24, 25.   Indeed, as explained, not only has Plaintiff alleged a *likelihood* of confusion, Plaintiff alleges *actual* confusion.   ECF No. 1, at ¶¶ 26, 27, 28.   Thus, the well-pled facts, taken as true, establish a *prima facie* case for unfair competition.

### 3.    Plaintiff has plausibly alleged unfair and deceptive trade practices under Michigan law (Count III)

To establish unfair and deceptive trade practices under Michigan law, a plaintiff must allege: (1) Defendants caused a probability of confusion or misunderstanding as to the source, sponsorship, or approval of the goods or services, (2) Defendants used deceptive representations in connection with goods or services, and (3) such representations of sponsorship and approval are false. *Miss Dig Sys., Inc. v. Power Plus Engineering, Inc.*, 944 F. Supp. 600, 602 (E.D. Mich. 1996).

"These state law provisions, though similar to those of the Lanham Act, are not identical to the federal law." *Id.*

*First*, Plaintiff alleges facts that show a probability of confusion as to the sponsorship of Defendants' goods and services. ECF No. 1, at ¶¶ 23, 24, 25. Indeed, Plaintiff alleges that actual confusion has resulted from Defendants' advertising. *Id.*

*Second*, Plaintiff alleges facts that show Defendants' deceptive and misleading advertising and representations. ECF No. 1, at ¶¶ 23–28. Plaintiff alleges that Defendants' advertising "not only uses a name that is confusingly similar to Plaintiff's word mark, it has a confusingly similar look and feel to Plaintiff's logo, such that consumers would reasonably believe that the restaurants are under common ownership." *Id.* at ¶ 23. This includes "Defendants' Facebook page, which shows how Defendants advertise their services, [and which] has a confusingly similar look and feel, using the same color scheme and general layout as Plaintiff's mark and similar photographs." *Id.* at ¶ 25.

*Third*, Plaintiff alleges facts that show it never sponsored or endorsed Defendants' misleading representations. *See* ECF No. 1, at ¶¶ 30, 31, 32. Indeed, Defendants were instructed to cease and desist from using Plaintiff's registered trademark. *Id.* at ¶ 30.

For these reasons, the well-pleaded facts, taken as true, establish a *prima facie* case for deceptive trade practices.

### 4.    Plaintiff plausibly alleges declaratory relief (Count IV)

Defendants contend that because Plaintiff's remaining claims should be dismissed (which is incorrect for the reasons explained above), so too must Plaintiff's declaratory judgment claim.  However, Defendants are simply wrong on this point.  As explained, Plaintiff has plausibly alleged Counts I-III in its Complaint.  As such, it has also plausibly alleged an action for declaratory relief under 28 U.S.C. § 2201.

### 5.    Defendants' argument for dismissal is misguided

Defendants almost exclusively focus on the fact that one of Plaintiff's two registered marks resides on the supplemental, as opposed to primary, trademark register.  While it is true that Plaintiff committed a typographical error in citing to its mark, *see, infra,* at n. 1, this does not impact the validity of Plaintiff's claims.  Indeed, to establish a *prima facie* case for trademark infringement, Plaintiff need only allege facts that it has a federally registered trademark (not facts that establish the trademark is on the primary as opposed to secondary trademark register).[5] Defendants' argument does nothing to undermine the allegations in the Complaint that establish Plaintiff has a federally registered trademark.  On the contrary, Defendants' own documents confirm Plaintiff has federally registered trademarks,

---

[5] It is undisputed, in any event, that Plaintiff's word and logo mark is on the *primary* trademark register.  *See* ECF No. 24-1.

and that its word/logo mark is on the *primary* trademark register. *See* ECF No. 24-1. So, if anything, Defendants' motion strengthens Plaintiff's *prima facie* case for trademark infringement. Defendants' arguments regarding the strength of the marks is wholly inappropriate at this stage of the litigation; and cannot be considered.

Defendants also make a flimsy, overreaching issue preclusion argument. Defendants argue that because Plaintiff purportedly disclaimed the right to enforce its mark against the word "Big Burger" standing alone, it has somehow waived its rights to make *any* trademark claims against Defendants (or anyone else for that matter). As an initial matter, Plaintiff's disclaimer is inapplicable. Plaintiff primarily seeks enforcement of its stylized mark, which is shored up by the existence of its word mark. Further, Defendants' reliance on *B&B Hardware, Inc. v. Hargis Indus. Inc.*, 575 U.S. 138 (2015), is misplaced. In *B&B Hardware*, the Supreme Court said that a TTAB action adjudicating a trademark dispute met the elements for issue preclusion. The Court did not say that a purported disclaimer, which was never adjudicated in any way whatsoever, could be expanded beyond its scope to preclude a trademark action entirely. Thus, Defendants issue preclusion argument misses the mark, is unavailing, and, in any event, is premature.

Lastly, it is noteworthy that Defendants seek dismissal of the entire Complaint without even addressing Plaintiff's unfair competition claim and Plaintiff's state law claim (Counts II and III). As stated above, Defendants solely focus on registration

14

nuances relating to Plaintiff's trademarks. Defendants fail to recognize that "Section 43(a) of the Lanham Act creates a 'federal cause of action for infringement of marks and trade dress that have not obtained federal registration.'" *Id.* (citing *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760–761 (6th Cir. 2005). So, even if Plaintiff's registrations were somehow procedurally discredited, Plaintiff still has alleged plausible claims. Put simply, Defendants have not provided any justification for their requested relief. The motion must be denied in its entirety.

### B. If the Court Determines that Any of Plaintiff's Claims are Not Plausibly Pleaded, Plaintiff Should Be Given Leave to Amend

If the Court determines that any of Plaintiff's claims are not plausibly pleaded in the Complaint, which it should not, then Plaintiff should be given an opportunity to amend. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). If the Court sets aside the properly entered defaults against Defendants, which Plaintiff does not believe the Court should do, then Plaintiff should be given leave to amend the Complaint to correct any pleading deficiencies. While Plaintiff does not believe any such pleading deficiencies exist, if the Court disagrees, then leave to amend should be given at this very early stage of the case. Indeed, the Court has not yet held a scheduling conference, discovery has not commenced, and the case is still in its early stages.

## C.   Defendants' Motion to Dismiss Attaches Extraneous Documents that Cannot Be Considered

Another reason why Defendants' motion should be denied is because it improperly attaches extraneous materials and is effectively a pre-discovery motion for summary judgment under Rule 56.  Defendants' motion to dismiss improperly attaches 142 pages of extraneous documents and relies exclusively on those documents to argue for dismissal of Plaintiff's Complaint.  This is improper as a matter of law and it effectively seeks summary judgment, pre-discovery, as opposed to a motion to dismiss on the pleadings alone.

Defendants' motion attaches: (a) the file wrappers for Plaintiff's trademark numbers 3924358 and 3957515; and (b) "examples" of other purported uses of "Big" and "Burger" in the restaurant industry.  Defendants' motion then exclusively argues that, based on Defendants' interpretation of these extraneous documents, Plaintiff's claims purportedly fail.  But reliance on such extraneous documents is improper as a matter of law, especially where discovery has not even commenced.

Where a motion to dismiss attaches "matters outside the pleadings" that are "not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).  Here, it is improper to convert Defendants' motion to dismiss into one for summary judgment where discovery has not even commenced.  Indeed, this Court's practice guidelines

state that "[m]otions for summary judgment should not be filed with the Court until discovery has concluded, absent special circumstances requesting Court permission to file any premature motion." Practice Guidelines, Honorable Paul D. Borman, https://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=15.

Defendants' arguments relying exclusively on Defendants' interpretation of extraneous documents is a misguided attempt to obtain dismissal on the pleadings by relying entirely on matters outside the pleadings—such a motion must be denied at this stage of the litigation. *See Etherton v. Serv. First Logistics, Inc.*, No. 17-10341, 2017 WL 8682363, at *1 (E.D. Mich. Apr. 7, 2017) ("courts consistently hold that summary judgment should not be awarded until the plaintiffs are allowed some opportunity for discovery") (internal citation and quotations omitted).

## CONCLUSION

For the reasons state above, Plaintiff respectfully requests this Honorable Court deny Defendants' motion to dismiss in its entirety.

Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC


By:   _/s/Michael F. Wais_____

    Michael F. Wais (P45482)
    Jonathan F. Karmo (P76768)
450 West Fourth Street
Royal Oak, Michigan 48067-2557
Phone: (248) 645-1483 | Fax: (248) 723-1568
Email: MWais@HowardandHoward.com
       JKarmo@HowardandHoward.com

Dated:  March 30, 2020

## **PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all participants in the above cause, to each at their respective addresses on March 30, 2020

By:  ☐ U.S. Mail          ☐ E-Mail
     ☐ Hand Delivered      ☐ Overnight Courier
     ☐ UPS                 ☑ ECF Filing System

I declare that the statements above are true to the best of my information, knowledge, and belief.


By: _____ */s/Michelle M. Sterling*___
          Michelle M. Sterling

4836-5772-4088

19