UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

---

BIGG BURGER, INC., a Michigan Corporation,

*Plaintiff,*

v.

BIG BURGZS, LLC, a Michigan Limited Liability Company, and BILLY OWENS

*Defendant.*

Case No.: 2:19-cv-13413
Hon. Paul D. Borman
Magistrate Judge Anthony P. Patti

---

| | |
|---|---|
| HOWARD & HOWARD ATTORNEYS PLLC<br>Michael F. Wais (P45482)<br>Jonathon F. Karmo (P76768)<br>Attorneys for Plaintiff<br>450 W. Fourth Street<br>Royal Oak, MI 48067-2557<br>(248) 645-1483 | WOOD HERRON & EVANS LLP<br>Laurence C. Begin (P55058)<br>Of Counsel<br>Attorney for Defendants<br>2700 Carew Tower, 411 Vine Street<br>Cincinnati, OH 45202-2917<br>(513) 241-2324<br>(513) 241-6234 (fax)<br>lbegin@whe-law.com |

## **REPLY IN SUPPORT OF DEFENDANTS' MOTION AND BRIEF TO DISMISS UNDER RULE 12(b)(6)**

NOW COMES Defendants BIG BURGZS and BILLY OWENS (Defendants) by and through their counsel, and in response to PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION AND BRIEF TO DISMISS, reply in support of Defendants' Motion and Brief to Dismiss Under Rule 12(b)(6).

<u>Defendants' Reply to Plaintiff's Arguments</u>

Defendants' incorporate the Background and facts stated in their Motion and Brief, as if fully stated herein.

1

Local Rule 7(a)(1)

With regard to Defendants' overall response to Plaintiff's Motion for Default Judgment and Permanent Injunction, Mr. Begin contacted Mr. Michael Weis on February 28, 2020, and also on March 3 to request an extension for the time to respond to the Complaint. Mr. Weis flatly refused to agree to an extension of time to respond, and further stated that they were filing a Motion for Entering a Default Judgment that day, March 3, 2020.

In view of Mr. Weis' refusal to permit an extension of time, it certainly seems plausible that Mr. Weis would not agree to a Motion to Dismiss for any reasons. In the rush to reply given the Default status, Defendants by and through counsel did not specifically discuss the Motion to Dismiss with Mr. Weis, but Defendants had sought concurrence for lesser relief than its Motion to Dismiss, and Mr. Weis had denied that request. Defendants' note that this denial was in fact stated in its Brief and therefore, Defendants would request that this Court extend that denial of an extension of time to include a denial of concurring with a Motion to Dismiss. Mr. Weis has in fact indicated that he would not have acquiesced to the Motion to Dismiss because the Defendants' objections to the Complaint amount to nothing more than a typographical error.[1]

But the mistakes are much more than a typographical error, for they are continued throughout the Plaintiff's Complaint and also within the Plaintiff's Motion for Default Judgment, as explained below. Defendants also note that while Plaintiff is objecting to this motion under Local Rule 7(a)(1), Plaintiff by and through their counsel did not contact the undersigned prior to filing its Motion for Default Judgment. As indicated in their Response Brief, Plaintiff believed

---

[1] As stated by Plaintiff on page 1 of its Response Brief, "…if concurrence had been sought, Plaintiff's attorneys would have explained and corrected the typographical error upon which this improper motion is premised."

2

that Defendants were represented by Mr. Begin as early as September 2019. Although this is not so, for the reasons stated below, *given Plaintiff's belief that Mr. Begin represented Defendants, Plaintiff by and through counsel should have contacted Mr. Begin to seek concurrence with Plaintiff's Motion for Default Judgment. Plaintiff cannot have it both ways.* In any event, for the reasons stated above, Defendants respectfully note that the provisions of Local Rule 7(a)(1) have been at least implicitly complied with by Defendants.

<u>Defects in Plaintiff's Factual Background – The Complaint is Not Well-Plead</u>

Plaintiff is now attempting to correct and amend its complaint through its Response Brief, but still falls short. Very importantly, Plaintiff's counsel admits that these paragraphs are not true when he insists that the pleadings are incorrect due to a "typographical error". If Plaintiff wishes to amend the Complaint, it should be done through the normal procedures, i.e. through Fed. Rule of Civ. Pro. 15. Plaintiff is hailing Defendants into Court. Defendants are entitled to at least reasonably rely on the integrity of the pleadings in the Complaint. For the reasons stated just below, it is highly questionable though, whether they are merely of "typographical" error.

<u>Secondary Meaning</u> – *Critical Distinction*:

If Plaintiff had truly merely typographically erred in transposing Reg. No. 3,924,358 for what it purportedly meant to include, Reg. No. 3,957,515 (hereinafter "the '515 Registration"), there would be no need to also plead that the mark had <u>attained</u> *secondary meaning*. See paragraphs 35 and 56 as alleged in Counts I and II, in error, and as also incorporated by reference into Counts III and IV of the Complaint. The term *secondary meaning* is typically only relevant with regard to marks that are relegated to the Supplemental Register (i.e. Reg. No. 3,924,358, word mark), and the need to acquire secondary meaning to show distinctiveness relative to likelihood of confusion. If Plaintiff has attempted to recapture prior-disclaimed matter in The

'515 Registration, there is no record of this in the prosecution history of this mark (See Exhibit C of the Defendants' Motion and Brief). As earlier pled, Plaintiff has not pled or shown distinctiveness or acquired secondary meaning for The '358 Registration (the plain text mark), or, for the disclaimed portion in the '515 Registration, which is essentially the words "Big Burger" misspelled (except as shown in the illustration). All marks on the Principle Register (i.e. the '515 Registration) are understood to be distinctive (except for the disclaimed portions), and therefore, there is a presumption of secondary meaning and no need to even contemplate *acquired secondary meaning* with regard to distinctiveness. The only thing that is deemed to be "incontestable" in a mark on the principle register is the portion of the mark that has not been disclaimed and therefore, the only portion of the mark of 3,957,515 is what is actually shown in the logo. The Sixth Circuit has opined on this very topic.[2]

But, Plaintiff never filed another application to recapture any disclaimed matter with regard to either of its marks. Therefore, anything disclaimed during prosecution remains disclaimed. Yet further, only *un-disclaimed* portions of marks on the Principle Register can become incontestable. In view of this, and as stated in Defendants' Brief in support of its motion to dismiss, Plaintiff does not factually plead the scope of what has previously been narrowed.

Again, for the sake of argument only, if Plaintiff did in fact mean to plead the mark of the '515 Registration, Plaintiff is, for the reasons stated above, only entitled to the scope of the mark apart from the disclaimer: "NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE

---

[2] It is now clear that, aside from generic matter, disclaimed matter is not forever barred from registration, and it can subsequently be considered for registration on either the Principal Register or the Supplemental Register. ***When an application is filed seeking registration of matter previously disclaimed, it must be examined in the same manner as other applications.*** See *Quaker Oil Corp. v. Quaker State Oil Ref. Corp.*, 161 USPQ 547, 549 (TTAB 1969), *aff'd*, 453 F.2d 1296, 172 USPQ 361 (C.C.P.A. 1972); *Victor Tool & Mach. Corp. v. Sun Control Awnings, Inc.*, 299 F. Supp. 868, 875-76, 162 USPQ 389, 394 (E.D. Mich. 1968), *aff'd*, 411 F.2d 792, 162 USPQ 387 (6th. Cir. 1969). (***Emphasis added***)

"BIG BURGER" APART FROM THE MARK *AS SHOWN*"[3]. (***Emphasis Added*** - See the logo mark ('515 Registration) in Exhibit A of Defendants' Brief to Dismiss). It appears that Plaintiff is attempting to assert rights it does not have to prevent Defendants from the use of their long-standing mark, BIG BURGZS, in contravention of their specific disclaimer in U.S. Reg. No. 3,957,515. The words Big Burger in 515, ***as shown in the registered logo,*** include the word "Bigg" misspelled, and with an upside down "i". Yet further, the word "Burger" is correctly spelled in the '515 Registration logo. These words, ***as shown in the registered logo***, have a stylistic nuance that is not seen in Defendants' mark. As such, Defendants simply do not use any combination of words that are "*as shown*" in the Plaintiff's logo. When considered with regard to Plaintiff's word mark having only supplemental registration because of the descriptive nature of the words, "Big Burger" (see Defendants' Motion Brief), Plaintiff is not entitled to any breadth other than what *is shown* in the logo of 515. Because Plaintiff disclaimed any other rights apart from the mark as shown, they cannot now assert rights that they gave up during prosecution of the 515 mark. Accordingly, ***Plaintiff is not presenting a viable theory*** upon which relief can be granted, for the scope they plead is prohibited by the Plaintiff's earlier disclaimers of the marks[4]. Further, for the reasons stated above, Plaintiff has not presented a well-pled complaint, and as such, has not presented sufficient factual allegations to support any claim that is plausible on its face.

---

[3] Whether or not previously disclaimed matter has become eligible for registration depends on the circumstances and the evidence adduced in the examination process. *See Roux Distrib. Co. v. Duart Mfg. Co.*, 114 USPQ 511, 512 (Comm'r Pats. 1957); *Helena Rubinstein, Inc. v. Ladd*, 219 F. Supp. 259, 260, 138 USPQ 106, 107 (D.D.C. 1963), *aff'd,* 141 USPQ 623 (D.C. Cir. 1964).

[4] For a complaint to survive a motion to dismiss, it must contain "either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory." *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.* 732 F.3d 645, 649 (6th Cir. 2013) (citation and internal quotation marks omitted). All well-pleaded factual allegations in the complaint are accepted as true. *Id.* In short, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation and quotation marks omitted).

Plaintiff's Word Mark "Big Burger" is Descriptive and Not Inherently Distinct

As indicated above, and in Exhibits A-C of Defendants' Brief in Support of the Motion to Dismiss, the USPTO has held that Plaintiff's word mark of Reg. No. '358, and, the word portion "Big Burger" of its logo having Reg. No. '515 are both descriptive, except as to how the words "are shown" in the logo. The Plaintiff complied with this holding.

The Court in *Two Pesos, Inc. v. Taco Cabana, Inc.* 505 US 763, 769, 112 S. Ct. 2753, L. Ed 2d 615, held that Marks which are merely descriptive of a product are not inherently distinctive.[5] Accordingly, "Big Burger" is not inherently distinctive and the USPTO has already said it is not (by the aforementioned disclaimer '515 logo registration and by the supplemental registration of the '358 Registration). Plaintiff must accordingly allege facts (not conclusions) that *the words* and *the trade dress* have acquired distinctiveness.[6] Plaintiff has pled no such allegations or facts in support of their conclusory allegations in this regard. By this alone, Plaintiff's allegations fail to state a claim for which relief can be granted.

---

[5] With reference to descriptive marks, the *Two Pesos* Court added, "When used to describe a product, they do not inherently identify a particular source, and hence cannot be protected. However, descriptive marks may acquire the distinctiveness which will allow them to be protected under the Act. Section 2 of the Lanham Act provides that a descriptive mark that otherwise could not be registered under the Act may be registered if it "has become distinctive of the applicant's goods in commerce." §§ 2(e), (f), 15 U. S. C. §§ 1052(e), (f). *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.,* 469 U. S. 189, 194, 196 (1985), This acquired distinctiveness is generally called "secondary meaning." See *Kellogg Co. v. National Biscuit Co.,* 305 U. S. 111, 118 (1938). The concept of secondary meaning has been applied to actions under § 43(a). See, *e. g., University of Georgia Athletic Assn. v. Laite,* 756 F. 2d 1535 (CA11 1985); *Thompson Medical Co. v. Pfizer Inc., (citation omitted)*

[6] See also Abercrombie & Fitch (6th Cir) 280 F. 3d 619, 629, which describes the element for a trade dress claim:
Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), protects from infringement the unregistered "trade dress" of a product. As explained more fully below, to recover for trade dress infringement under § 43(a), a party must prove by a preponderance of the evidence: 1) that the trade dress in question is distinctive in the marketplace, thereby indicating the source of the good it dresses, 2) that the trade dress is primarily nonfunctional, and 3) that the trade dress of the competing good is confusingly similar. *[citations omitted]* The first two elements are the requirements for protectability, and the third element is the standard for evaluating infringement.

With regard to any claims under §43(a) of the Lanham Act, and with regard to any claims for Unfair Competition, all present counts are founded on the marks attaining distinctiveness for the words Big Burger. Accordingly, all counts must fail for want of factual allegations that make the claims plausible on their face.

Other Factual Inaccuracies by Plaintiff

1. Defendants' have only appended exhibits directly related to the allegations pled and to the merits of their Motion to Dismiss – these are directly related to the allegations in the Complaint. Therefore, this motion is properly presented under Rule 12(b)(6).

2. The undersigned did not professionally represent Defendants until after the Default had been entered. Mr. Begin's letter in September 2019 was merely a courtesy letter on behalf of Mr. Owens. Opposing counsel's letter in October 2019 had not been expected or received by Mr. Begin because he was not representing Defendants at that time.

Relief Requested

In view of the above, Defendants respectfully request that this Honorable Court deny the motion for default judgment and permanent injunction, and enter their Motion to Dismiss Under Rule 12(b)(6), or at the very least, deny the motion for default judgment and permanent injunction and require Plaintiff to present an amended complaint under Fed. Rule of Civ. Pro. 15.

Respectfully submitted,

By: s/Laurence C. Begin

Laurence C. Begin (P55058)
WOOD HERRON & EVANS, LLP
Of Counsel for Defendants
2700 Carew Tower, 441 Vine Street
Cincinnati, OH 45202-2917
Email: lbegin@whe-law.com

Dated: April 13, 2020

CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

                                                          s/Laurence C. Begin
                                                          Laurence C. Begin (P55058)
                                                          WOOD HERRON & EVANS, LLP
                                                          Of Counsel Attorney for Defendants
                                                          2700 Carew Tower, 441 Vine Street
                                                          Cincinnati, OH 45202-2917
                                                          Phone: (513) 241-6234
                                                          lbegin@whe-law.com