UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BIG BURGER, INC.,

                Plaintiff,

v.

BIG BURGZ, LLC, and BILLY OWENS,

                Defendants.

_____/

Case No. 19-cv-13413

Paul D. Borman
United States District Judge

Anthony P. Patti
United States Magistrate Judge

### ORDER STRIKING:
### (1) DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION (ECF NO. 23); (2) DEFENDANTS' MOTION TO DISMISS (ECF NO. 24); and (3) DEFENDANTS' REPLY IN SUPPORT OF MOTION (ECF NO. 27)

Plaintiff Bigg Burger, Inc. filed a complaint alleging claims for federal trademark infringement, federal unfair competition, unfair and deceptive trade practices under Michigan law, and a claim for declaratory relief against Defendants Big Burgz, LLC and Billy Owens on November 19, 2019. (ECF No. 1.) Pursuant to Magistrate Judge Patti's Order Granting Plaintiff's *Ex Parte* Motion for Substituted Service (ECF No. 10), copies of the complaint and summons were sent to Defendants via first-class mail on January 8, 2020 (ECF Nos. 11, 13) and copies were left with an employee at the Big Burgz restaurant on January 15 (ECF Nos. 12, 14). On February 12, the Clerk of Court entered a default against Defendant Owens (ECF No. 16), and, on February 13, the Clerk of Court entered a default

against Defendant Big Burgz, LLC (ECF No. 17).

On March 8, Attorney Laurence C. Begin of Wood Herron & Evans LLP filed a Notice of Appearance on behalf of Defendant Big Burgz, LLC. (ECF No. 21.) Begin filed a Notice of Appearance on behalf of Defendant Owens on March 24. (ECF No. 22.) Then, on March 24, Defendants filed their Response to Plaintiff's Motion for Default Judgment (ECF No. 18), which, other than their Counsel's Notices of Appearance, was their first filing since the case was commenced. (ECF No. 23.) Also on March 24, Defendants filed a Motion to Dismiss Under Rule 12(b)(6). (ECF No. 24.) Both of these filings, as well as Defendants' Reply in Support of their Motion to Dismiss (ECF No. 27), are in substantial violation of this Court's Local Rules.

Eastern District of Michigan Local Rule 5.1 governs the format of papers filed with the Court. It establishes that all papers must be double-spaced and the "type size of all text and footnotes must be no smaller than 10-1/2 characters per inch (non-proportional) or 14 point (proportional)." E.D. Mich. LR 5.1(a)(2-3).

Local Rule 7.1 governs motions filed with the Court. First, "[a] brief supporting a motion or response must, at the beginning, contain a concise statement of the issues presented and, on the following page, the controlling or most appropriate authority for the relief sought." E.D. Mich. LR 7.1(d)(2). Second, parties are required to seek concurrence from the opposing parties on any planned

motions and, if concurrence is not obtained, they must include, in the motion, a statement indicating that "there was a conference between attorneys or unrepresented parties and other persons entitled to be heard on the motion in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought." E.D. Mich. LR 7.1(a). Third, and finally, motions must be accompanied by a single brief, which can be separate from or contained within the motion, but if contained with the motion, "the brief must begin on a new page and must be clearly identified as the brief." E.D. Mich. LR 7.1(d)(1)(A).

All three of the papers that Defendants have filed thus far in the case violate these rules. (*See* ECF Nos. 23, 24, 27.) Defendants' Response and Motion to Dismiss were written in a proportional 12-point font and are not double-spaced in violation of Local Rule 5.1(a)(2-3). (ECF Nos. 23, 24.) Their Reply is double-spaced, but still in 12-point font in violation of Local Rule 5.1(a)(3). (ECF No. 27.)

The Response and Motion to Dismiss also violate Local Rule 7.1. Neither paper contains "a concise statement of . . . the controlling or most appropriate authority for the relief sought," as required by Local Rule 7.1(d)(2). (ECF Nos. 23, 24.) Further, Defendants' Motion to Dismiss does not indicate that they sought concurrence from Plaintiff on the relief sought, and, though it purports to be both a motion and a brief in support, there is no new page clearly indicating what portion

3

of the paper is the brief, as required by Local Rule 7.1(d)(1)(A). (ECF No. 24.)

These violations represent an intolerable disregard of the Local Rules. Accordingly, it is ordered that all of Defendants' non-conforming filings (ECF Nos. 23, 24, 27) shall be STRICKEN from the record.

However, Defendants are facing judgment by default, a "drastic step which should be resorted to in only the most extreme cases." *United Coin Meter Co. v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983). Given the harsh nature of default judgment and the fact that "trials on the merits are favored in federal courts," Defendants will have an opportunity to correct their mistakes. *Id.* at 846. Therefore, Defendants may file a motion to set aside default under Federal Rule of Civil Procedure 55(c) by **May 6, 2020**. They are warned that all further filings in this action must comply in all respects with the Local Rules.

IT IS SO ORDERED.


Dated: April 23, 2020                          s/Paul D. Borman
                                               Paul D. Borman
                                               United States District Judge