# EXHIBIT D

Case 2:19-cv-13413-PDB-APP ECF No. 31-5 filed 05/14/20 PageID.569 Page 2 of 4

J & J Sports Productions, Inc. v. Cloud Nine Hookah..., Not Reported in...

 KeyCite Yellow Flag - Negative Treatment

Distinguished by Technology From Heaven Unlimited v. Regal-Elite, Inc., S.D.Ohio, March 30, 2018

2014 WL 5800100
Only the Westlaw citation is currently available.
United States District Court,
E.D. Michigan,
Southern Division.

J & J SPORTS PRODUCTIONS, INC., Plaintiff,
v.
CLOUD NINE HOOKAH LOUNGE,
INC., and Najah Dabajeh, Defendants.

No. 14–12238.
|
Signed Nov. 7, 2014.

**Attorneys and Law Firms**

Clinton J. Hubbell, Hubell Duvall PLLC, Southfield, MI, for Plaintiff.

Tarek M. Baydoun, The Meridian Law Group, Dearborn, MI, for Defendants.

**OPINION AND ORDER CONDITIONALLY GRANTING DEFENDANTS' MOTION TO SET ASIDE THE ENTRY OF DEFAULT [13] AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [10]**

NANCY G. EDMUNDS, District Judge.

*1 Plaintiff, J & J Sports Productions, Inc., filed this complaint against Defendants, Cloud Nine Hookah Lounge, Inc., and its principal, Najah Dabajeh, asserting claims under the Communications Act of 1934 ("the Act"), 47 U.S.C. §§ 553, 605, and the state law tort of conversion. On August 21, 2014 the Clerk entered defaults against Defendants based upon their failure to plead or otherwise defend. (Dkt.# 8, 9).

Currently before the Court is Plaintiff's motion for default judgment (Dkt. # 10), and Defendants' motion to set aside the Clerk's entry of default. (Dkt. # 13). For the reasons set forth below, Defendants' motion is conditionally GRANTED, and Plaintiff's motion is DENIED as moot.

**I. Procedural Facts**
On June 5, 2014, Plaintiff filed this piracy action alleging that Defendants unlawfully broadcasted the *"Manny Pacquiao v. Timothy Bradley,* WBO Championship Fight" at Cloud Nine Hookah Lounge, Inc. ("Cloud Nine"). A little over a month later, Plaintiff attempted service on Defendants by sending the complaint and summons by certified mail to Cloud Nine and its resident agent, Najah Dabajeh. (Pl.'s Ex. B & C, Certified Mail Receipt). On July 15, 2014, the summons was returned executed by an unidentified individual.

On August 21, 2014, Plaintiff requested and obtained an entry of default against both Defendants. Three weeks later, Plaintiff filed a motion for default judgment against Defendants, jointly and severally, seeking $110,000 in statutory damages and $2,095.96 in attorney fees. On October 2, 2014, a notice of appearance was entered by attorney Tarek M. Baydoun on behalf of Defendants. Shortly thereafter, Defendants filed a motion to set aide the Clerk's entry of default. According to Defendants, Najah Dabajeh-the only individual authorized to accept service in this matter-was out of the country on the date the summons was returned executed. As such, they maintain that service was never properly effectuated and, as a result, good cause exists to set aside the defaults.

**II. Standard of Review**

 Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause shown the court may set aside an entry of default...." In making the determination of good cause under

 Rule 55(c), a court must consider three factors:

  1. Whether the plaintiff will be prejudiced;

  2. Whether the defendant has a meritorious defense; and

  3. Whether culpable conduct of the defendant led to the default.

 *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.,* 705 F.2d 839, 844–845 (6th Cir.1989). The decision whether to set aside an entry of default is discretionary.  *Shepard Claims Serv., Inc. v. William Darrah & Assocs.,* 796 F.2d 190, 193 (6th Cir.1986). That said, federal courts strongly favor trials on the merits.  *Berthelsen v. Kane,* 907 F.2d 617, 620 (6th Cir.1990). Additionally, the Sixth Circuit has applied a

"somewhat more lenient standard" to " Rule 55(c) motions where there has only been an entry of default, than to Rule 60(b) motions where judgment has been entered." *Shepard Claims Serv.,* 796 F.2d at 193. Even in Rule 60(b) cases where a more stringent standard applies, the Sixth Circuit has stated that "[a]ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *United Coin Meter,* 705 F.2d at 846 (internal citations omitted).

### III. Analysis

#### A. Motion To Set Aside Clerk's Entry of Defaul

**\*2** The Clerk's entry of default was entered against Defendants on August 21, 2014 but a default judgment has not been entered. The court may set aside an entry of default under Rule 55(c) for "good cause" shown. Here, Defendants argue that it is able to establish good cause by showing that (1) Plaintiff will not be prejudiced if the default is set aside, (2) it has a meritorious defense, and (3) its failure to timely file an answer was not the result of culpable conduct. Plaintiff argues to the contrary. Pursuant to the framework set forth by the Sixth Circuit, this Court is inclined to agree with Defendants.

#### 1. Defendant Has Asserted a Meritorious Defense

A defendant must state "a defense good at law" in order to establish a meritorious defense. *INVST Fin. Group, Inc. v. Chem–Nuclear Sys., Inc.,* 815 F.2d 391, 398–99 (6th Cir.1987). The asserted meritorious defense is sufficient so long as it contains " 'even a hint of a suggestion' which, [if] proven at trial, would constitute a complete defense.' " *Id.* Further, a defendant need not demonstrate a likelihood of success on the merits. *Berthelsen,* 907 F.2d. at 621–22. Finally, all ambiguous or disputed facts must be resolved in the light most favorable to the defendant. *INVST Fin. Group,* 815 F.2d at 398.

Plaintiff claims that Defendants willfully intercepted and displayed a certain pay-perview program without obtaining a license to do so. This allegation, if established, constitutes a violation of §§ 553 and 605 of the Communications Act of 1934, and carries with it the potential for substantial monetary penalties. In Defendants' motion to set aside default, however, Defendants challenge the very premise upon which Plaintiff's claim depends, arguing that they never "displayed or caused the display of any TV programming in violation of any law." (Defs. Ex. E, Aff. of Meritorious Def.). Resolution of this disputed issue of fact could reduce or eliminate Defendants' liability in this matter. Indeed, in its response to Defendants' motion to set aside, Plaintiff acknowledges as much. *See* (Plf.'s Resp. 17). As such, the Court finds that Defendants have established a meritorious defense.

#### 2. Plaintiff Has Not Shown Prejudice

A plaintiff must point to something more than mere delay in order to establish prejudice. *Thompson v. Am. Home Assurance Co.,* 95 F.3d 429, 433 (6th Cir.1996). Rather, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* at 433–34.

Here, the Court need not spill a considerable amount of ink on the prejudice factors as Plaintiff has admitted that they do not weigh in its favor. Indeed, Plaintiff acknowledges that it "has no credible basis or support for the contention that granting the [Defendants'] motion will result [in] loss of evidence", "increased difficulties of discovery" or "fraud or collusion that cannot be cured by entry of a protective order." (Plf.'s Resp. 20). As such, the Court is left only with one conclusion; namely, that Plaintiff will not suffer any prejudice if the default is set aside.

#### 3. Defendant's Conduct Was Not Sufficiently Culpable

**\*3** A court must consider all three factors when ruling on a motion to set aside entry of default. *Shepard Claims Service, Inc. v. William Darrah & Assocs.,* 796 F.2d 190, 193 (6th Cir.1986). That said, "when the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in absence of a willful failure of the moving party to appear and plead." *Id.* In other words, when a defendant has established that the first two factors weigh in its favor, the defendant's conduct must be "particularly culpable" in order to "outweigh those two factors and tip the balance toward denial of relief." *Waifersong, Ltd. v. Classic Music Vending,* 976 F.2d 290, 293 (6th Cir.1992). Thus, the Sixth Circuit has held that a defendant's conduct will be treated as culpable only if the defendant displays "either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Id.* at \*3 (internal quotation marks and citations omitted).

J & J Sports Productions, Inc. v. Cloud Nine Hookah..., Not Reported in...

Case 2:19-cv-13413-PDB-APP ECF No. 31-5 filed 05/14/20 PageID.571 Page 4 of 4

Here, Plaintiff argues that defense counsel's conduct meets the standard set forth above. In support of this assertion, Plaintiff notes that Defendants (1) acknowledged the deadline to file a responsive pleading but then failed to defend despite being given an additional 14 days to do so, and (2) waited two months to suggest that Plaintiff's attempted service of the complaint was defective. Defendants assert that its conduct was excusable because Najah Dabajeh–Cloud Nine's resident agent-was not present in the county at the time of service and, therefore, it had no duty to respond to Plaintiff's complaint or subsequent motions.

Notwithstanding Defendants actual knowledge of the complaint, the Sixth Circuit has been clear that "[a]ctual knowledge and lack of prejudice cannot take the place of legally sufficient service." *LSJ Investment Company, Inc. v. O.L.D., Inc.,* 167 F.3d 320, 324 (6th Cir.1999). In other words, there is no evidence here that Defendants displayed either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings. On the contrary, Defendants believed-perhaps correctly-that they had no duty to respond in light of Plaintiff's allegedly defective service. Moreover, even assuming, *arguendo,* that Defendants' argument was meritless, the Sixth Circuit has held that even when a defendant *willingly* evades service of process, a default may be set aside. *Berthelsen v. Kane,* 907 F.2d 617, 622 (6th Cir.1990) (emphasis added) (holding that although the defendant willfully evaded service, the entry of default should be set aside because the plaintiff would not be prejudiced and the defendant had a meritorious defense).

While the Court agrees that defense counsel's behavior-as evidenced by the correspondence attached to Plaintiff's response-was less than admirable, the bar for refuting culpability under the framework established in this Circuit is simply not very high. In fact, the Sixth Circuit has stated that " '[w]hen the issue is one of whether to set aside an entry of default so that the 'good cause' standard of Rule 55(c) is applicable, it is not absolutely necessary that the neglect or oversight offered as reason for the delay in filing a responsive pleading be excusable [in order for the court to set aside a default]. *Shepard Claims Service,* 796 F.2d at 194. Further, Defendants would be deprived of the opportunity to have their case considered on the merits if default is not set aside. Accordingly, the Court grants Defendants' motion to set aside the clerk's entry of default subject to the condition discussed below. Plaintiff's pending motion for default judgment is hereby moot. (Dkt. No. 10).

### B. Plaintiff's Request for Attorney Fees And Costs
**\*4** Plaintiffs argues that, in light of Defendants evasive behavior, the Court should condition its grant of Defendants' motion upon the payment of $2,320 in attorney fees. While the Court is not persuaded that an award of this magnitude is warranted here, it does agree that Plaintiff's counsel should be compensated for some of the time spent responding to Defendants' motion. Accordingly, the Court hereby conditions its grant of Defendants' motion on the payment of $1,000 in fees to Plaintiff's counsel within seven (7) days of this Order. *See Winslow v. Kalamazoo Pub. Sch.,* No. 1:07–CV–65, 2007 WL 1701796 (W.D.Mich. June 11, 2007) (a district court "has authority to condition the setting aside of a default upon payment of attorneys' fees and costs under Fed.R.Civ.P. 55(c)." (internal citations omitted).

### IV. Conclusion
Based upon the foregoing, the Court GRANTS Defendants' motion to set aside the clerk's entry of default with the CONDITION that Defendants reimburse Plaintiff consistent with the terms of this Order. Because the Court has vacated the entry of default, the Plaintiff's motion to enter default judgment is DENIED as moot.

SO ORDERED.

**All Citations**

Not Reported in F.Supp.3d, 2014 WL 5800100