# EXHIBIT F

2015 WL 871081
Only the Westlaw citation is currently available.
United States District Court,
E.D. Michigan,
Southern Division.

Dawn GUYOT, Plaintiff,
v.
Bryan RAMSEY, Bmr Security Solutions, LLC, Bmr Lawn Care, LLC, Defendants.

No. 14–cv–13541.
|
Signed Feb. 27, 2015.

**Attorneys and Law Firms**

Bryan Yaldou, Yaldou Law, Brownstown, MI, for Plaintiff.

Allen J. Counard, Allen J. Counard, P.C., Trenton, MI, Lillian C. Trikes, Flat Rock, MI, for Defendants.

*OPINION AND ORDER CONDITIONALLY GRANTING DEFENDANTS' MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT [# 15] UPON PAYMENT OF FEES TO PLAINTIFF'S COUNSEL; DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [# 10] AS MOOT; AND REQUIRING RESPONSE TO COMPLAINT*

GERSHWIN A. DRAIN, District Judge.

### I. INTRODUCTION

**\*1** Presently before the Court are Plaintiff Dawn Guyot's ("Guyot") Motion for Default Judgment, and Bryan Ramsey ("Ramsey"); BMR Security Solutions, LLC ("BMR Security"), and BMR Lawn Care, LLC's ("BMR Lawn") (collectively "Defendants") Motion to Set Aside Clerk's Entry of Default. *See* Dkt. Nos. 10, 15. Plaintiff filed the Complaint in this action on September 11, 2014. *See* Dkt. No. 1. In the Complaint, Plaintiff alleges that the Defendants knowingly engaged in a pattern and practice of unlawful conduct. *See id.* According to Plaintiff, this resulted in the unlawful denial of Plaintiff's wages, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Michigan Workforce Opportunity Wage Act ("MWOWA"), Mich. Comp. Laws. § 408.411 *et seq. See id.*

On October 17, 2014 a Clerk's Entry of Default was entered against all Defendants. *See* Dkt. Nos. 7–9. Plaintiff filed a Motion for Default Judgment on November 26, 2014. *See* Dkt. No. 10. On January 26, 2015, the Defendants filed a motion to Set Aside the Clerk's Entry of Default. *See* Dkt. No. 15. Plaintiff filed a Response to the Defendants' Motion on January 26, 2015. *See* Dkt. No. 19. Defendants failed to file a Reply in accordance with the Court's Local Rules. *See* E.D. Mich. L.R. 7.1(e)(2)(c).

After reviewing the Motions and the briefing by the Parties the Court concludes that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the pending Motions on the briefs and cancel the hearing scheduled for March 9, 2015 at 2:00 p.m. *See* E.D. Mich. L.R. 7.1(f)(2). For the following reasons, the Court will conditionally **GRANT** Defendants' Motion to Set Aside Clerk's Entry of Default [# 15], and **DENY** Plaintiff's Motion for Default Judgment [# 10] as moot.

### II. FACTUAL BACKGROUND

According to the Complaint, Plaintiff, Guyot, is an adult who worked for Defendants Ramsey and BMR Security from approximately April of 2012 to April of 2014. Plaintiff asserts that she worked from 15 to 60 hours per month for an approximate total of 662 hours. While working, Plaintiff asserts that her duties included preparing logs, invoices, scheduling, and payroll. Plaintiff asserts that she terminated her employment with Defendants Ramsey and BMR Security in April of 2014 due in part to Defendants Ramsey and BMR Security's refusal to compensate her for all hours spent working.

Plaintiff also asserts that she worked with Defendants Ramsey and BMR Lawn for about three days beginning on or about April 18, 2014. While working for Defendant BMR Lawn, Plaintiff asserts that she assisted with various lawn care and landscaping tasks for a total of approximately 24 hours. While working with Defendants Ramsey and BMR Lawn, Plaintiff asserts that she was never paid any wages for her work. Plaintiff asserts that she also terminated her employment with Defendants Ramsey and BMR Lawn in April 2014 due to Defendants Ramsey and BMR Lawn's refusal to compensate her for all hours spent working.

**\*2** Defendant Ramsey is the sole owner of both Defendants BMR Security and BMR Lawn and is also employed as a full-time police officer with Brownstown Township, Michigan. Defendant Ramsey says that Defendant BMR Security was organized on March 5, 2012 while Defendant BMR Lawn was organized on February 25 2014. According to Defendant Ramsey, neither Defendants BMR Security nor BMR Lawn had any significant gross sales in any year of operation, and in no year had gross sales of $500,000 or more.

Defendant Ramsey asserts that he was involved in an intimate relationship and lived with Plaintiff at all times relevant in the Complaint. Defendant Ramsey asserts he was not personally served with the Complaint at his residence, which is also the registered office for both Defendants BMR Security and BMR Lawn. Defendant Ramsey asserts that he filed an action against Plaintiff seeking return of personal property after their separation in May of 2014. According to Defendant Ramsey, both Parties were represented by counsel in that action, and he agreed to voluntarily dismiss the action with prejudice in the hope that Plaintiff would dismiss this action. Defendant Ramsey has stated that he did receive the Complaint in this case and the Motion for Default Judgment dated November 26, 2014.

### III. LAW & ANALYSIS

#### A. LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) allows for an entry of default to be set aside for good cause. *See* Fed.R.Civ.P. 55(c). "In determining whether 'good cause' exists, courts consider: (1) whether culpable conduct of the defendant led to the default; (2) whether the defendant has a meritorious defense; and (3) whether the plaintiff will be prejudiced." *Mertik Maxitrol Gmbh & Co. Kg v. Honeywell Technologies Sarl,* 10–12257, 2011 WL 3714634, at \*2 (E.D.Mich. Aug.24, 2011) (citing *United States v. $22,050.00 U.S. Currency,* 595 F.3d 318, 324 (6th Cir.2010)).

The decision to set aside an entry of default is within the discretion of this Court. *See Shepard Claims Serv., Inc. v. William Darrah & Assocs.,* 796 F.2d 190, 193 (6th Cir.1986). Federal courts strongly favor trials on the merits. *See Berthelsen v. Kane,* 907 F.2d 617, 620 (6th Cir.1990). The Sixth Circuit applies a "somewhat more lenient standard" to "Rule 55(c) motions where there has only been an entry of default," as opposed "to Rule 60(b) motions where judgment has been entered." *Shepard Claims Serv.,* 796 F.2d at 193. However, even in Rule 60(b) cases, where a more stringent standard applies, the Sixth Circuit has stated that "[a]ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *United Coin Meter Co. v. Seaboard Coastline RR.,* 705 F.2d 839, 846 (6th Cir.1983) (internal citations omitted).

The Court must consider all three factors of Rule 55(c) when ruling on a motion to set aside entry of default. *Shepard Claims Serv.,* 796 F.2d at 193. However, when a defendant has presented a meritorious defense and a plaintiff fails to demonstrate prejudice, it is an abuse of discretion to deny a Rule 55(c) motion absent culpable conduct. *See Kaufman Payton & Chapa, P.C. v. Bilanzich,* 11–15563, 2013 WL 1278192, \*2 (E.D.Mich. Mar.27, 2013).

#### B. LEGAL ANALYSIS

**\*3** According to the Defendants, there is good cause to set aside the Clerk's Entry of Default because Defendants contend (1) they have a meritorious defense in light of Plaintiff's "arguably frivolous" Complaint; (2) Plaintiff will not be prejudiced; and (3) there was no culpable conduct that led to the default. *See* Dkt. No. 15 at 6–9. Plaintiff argues to the contrary. *See generally* Dkt. No. 19. Pursuant to the framework set forth by the Sixth Circuit, this Court agrees with the arguments put forth by the Defendants.

**1. Defendants have asserted a meritorious defense.**
In the Sixth Circuit, a defendant must state "a defense good at law" in order to establish a meritorious defense. *INVST Fin. Group, Inc. v. Chem–Nuclear Sys., Inc.,* 815 F.2d 391, 398–99 (6th Cir.1987). The asserted meritorious defense will be deemed sufficient so long as it contains " 'even a hint of a suggestion' which, [if] proven at trial, would constitute a complete defense." *Id.* A defendant need not demonstrate a likelihood of success on the merits. *Berthelsen,* 907 F.2d. at 621–22. Finally, all ambiguous or disputed facts must be resolved in the light most favorable to the defendant. *INVST Fin. Group,* 815 F.2d at 398.

Plaintiff asserts that the Defendants knowingly violated the FLSA and MWOWA. If established, this allegation carries the potential for monetary penalties. However, in Defendants' Motion to Set Aside Clerk's Entry of Default, Defendants challenge the premise of Plaintiff's claim, denying that "Plaintiff 'worked' for them in any manner" and arguing that "neither Plaintiff nor Defendants are 'covered' by the terms of the [FLSA], which is the basis for this Court's jurisdiction." Dkt. No. 15 at 8.

According to Plaintiff, Defendants presents "no evidence that Plaintiff did not work for them or that they are not liable under the FLSA." Dkt. No. 19 at 8. To the contrary, however, Defendants do provide an affidavit from Defendant Ramsey indicating that Plaintiff did not work for him "or the Defendant Limited Liability Companies, as is stated in the Complaint." Dkt. No. 15–1 at ¶ 17. Furthermore, Defendant Ramsey's affidavit indicates that both Defendant BMR Security and BMR Lawn have only operated within Southeastern Michigan, and have not had any sales of $500,000 or more. *Id.* at ¶¶ 15–16.

While Defendants do not support their argument with cases or statutory code, they do cite the Department of Labor's website for the proposition that no party in this action is covered by the terms of the FLSA. *See* Dkt. No. 15 at 8–9 (citing Office of the Assistant Sec'y for Policy, *Employment Law Guide: A Companion to the FirstStep Employment Law Advisor,* U.S. Dep't of Labor (Sept.2009), http://www.dol.gov/compliance/guide/minwage.htm).

Evaluating the different provisions of the FLSA in conjunction with Ramsey's affidavit, the Court finds that Defendants have stated a defense good at law in order to establish a meritorious defense. *See, e.g., Shipes v. Amurcon Corp.,* No. 10–14943, 2012 WL 1560640, at *5 (E.D.Mich. May 2, 2012) (citing *Ortiz v. D & W Foods, Inc.,* 657 F.Supp.2d 1328, 1330 (S.D.Fla.2009), for the proposition that "there was no way around the facts that the plaintiff, as a waiter at the defendants' small restaurant, was not entitled to individual FLSA coverage because he was not engaged in commerce or in the production of goods for commerce, and that the defendant did not have enterprise coverage because its revenue did not exceed the statutory threshold for coverage of $500,000 per year ."); *see also id.* (citing 29 U.S.C. §§ 207(a)(1), 203(s) and *Guzman v. Irmadan, Inc.,* 551 F.Supp.2d 1368, 1370–71 (S.D.Fla.2008)).

**\*4** Plaintiff's argument that "Defendants failed to address Plaintiff's state law claims in their Motion to Set aside Default Judgment" is also unavailing. *See* Dkt. No. 19 at 9. Defendants noted that Plaintiff's FLSA claim was the basis for jurisdiction in this case. *See* Dkt. No. 15 at 8. Thus, implicitly, it follows that Plaintiff's MWOWA claim would be dismissed for a lack of jurisdiction without the FLSA claim. *See* 28 U.S.C. §§ 1331, 1332 (outlining the federal court's federal subject matter jurisdiction); *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (explaining that the federal courts are courts of limited jurisdiction and have only such jurisdiction as is defined by Article III of the United States Constitution and granted by Congress); *see also Fisher v. Peters,* 249 F.3d 433, 444 (6th Cir.2001). The Court reiterates that all ambiguous or disputed facts must be resolved in the light most favorable to the defendant. *INVST Fin. Group,* 815 F.2d at 398. As such, the Court finds that Defendants have established a meritorious defense.

**2. Plaintiff has not demonstrated she will be prejudiced**

"[D]elay alone is not a sufficient basis for establishing prejudice." *INVST Fin. Grp.,* 815 F.2d at 398 (citations omitted). "Rather, it must be *shown* that delay will 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.' " *INVST Fin. Grp.,* 815 F.2d at 398 (quoting *Davis v. Musler,* 713 F.2d 907, 916 (2d Cir.1983) (emphasis added) (citation omitted)).

In an attempt to demonstrate that she will be prejudiced, Plaintiff argues she "will be prejudiced due to the delay, and the delay will provide greater opportunity for the defendants to hide evidence." Dkt. No. 19 at 10. However, Plaintiff ignores the Sixth Circuit's requirement that she must *show* that delay will result in the loss of evidence. *See INVST Fin. Grp.,* 815 F.2d at 398. Plaintiff's allegations alone will not suffice. Accordingly, the Court finds that "Plaintiff has failed to establish that any prejudice from the delay would occur, because plaintiff has not shown that discovery would be more difficult or that evidence would be lost." *Id.*

**3. Defendants' conduct was not sufficiently culpable.**

The Court must consider all three factors when ruling on a motion to set aside entry of default. *Shepard Claims Serv.,* 796 F.2d at 193. "[W]hen the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in absence of a willful failure of the moving party to appear and plead." *Id.* When a defendant has established that the first two factors weigh in its favor, the defendant's conduct must be "particularly culpable" in order to "outweigh those two factors and tip the balance toward denial of relief." *Waifersong, Ltd. v. Classic Music Vending,* 976 F.2d 290, 293 (6th Cir.1992).

**\*5** Here, the Defendants have put forth an unpersuasive argument that Defendant Ramsey was "lulled into a sense of security by Plaintiff and was of the belief that this lawsuit would not be continued" in light of the romantic relationship between Defendant Ramsey and the Plaintiff. *See* Dkt. No. 15 at 7–8. Notably, "Defendant is not denying notice of the Complaint." *Id.* at 7. This being the case, the Court finds that the Defendants acted in a careless and inexcusable manner by not responding to the summons and Complaint leading to the Clerk's entry of default against all Defendants.

"Nevertheless, it is not necessary that conduct be excusable to qualify for relief under the 'good cause' standard of Rule 55(c)." *Shepard Claims Serv.,* 796 F.2d at 194. The Sixth Circuit has made it clear that "[t]o be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Id.* The Court finds there is simply no evidence in the record indicating that the Defendants deliberately attempted to thwart these proceedings.

The Sixth Circuit has instructed that when the "party in default satisfies the first two requirements for relief and moves promptly to set aside the default before a judgment is entered, the district court should grant the motion if the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings." *Id.* at 195. This being the case the Court finds that the Defendants' conduct was not sufficiently culpable. *See id.* at 194 (quoting 6 Moore's Federal Practice ¶ 55.01[2] at 55–61, 62 (1985 ed.) for the proposition that "[w]here the defaulting party and counsel have not shown disrespect for the court, or have given evidence of respect for the court's process by their haste in acting to set aside the default, the courts have been inclined towards *leniency* ....") (emphasis added). As such, the Court will set aside the Clerk's entry of default against all the Defendants.

### 4. Defendants will be sanctioned for their careless conduct.

Although the Court will set aside the Clerk's entry of default against all the Defendants, the Court will not ignore the careless conduct exhibited by the Defendants in this case. The Defendants conduct has resulted in considerable delay, wasting both the Court's and Plaintiff's time and resources. The Sixth Circuit made it clear that the district court is not precluded "from assessing or determining some appropriate penalty or sanction against the defendant or his counsel for the delay occasioned by [ ] careless and inexcusable conduct...." *Shepard Claims Serv.,* 796 F.2d at 195.

This being the case, the Court will Order the Defendants to redress Plaintiff's Counsel for the work done on this case as a result of the delay caused by the Defendants. *See Winslow v. Kalamazoo Pub. Sch.,* No. 1:07–CV–65, 2007 WL 1701796 (W.D.Mich. June 11, 2007) (a district court "has authority to condition the setting aside of a default upon payment of attorneys' fees and costs under Fed.R.Civ.P. 55(c)") (internal citations omitted); *see also J & J Sports Prods., Inc. v. Cloud Nine Hookah Lounge, Inc.,* No. 14–12238, 2014 WL 5800100, at \*4 (E.D.Mich. Nov.7, 2014).

### IV. CONCLUSION

**\*6** In conclusion, the Sixth Circuit applies a "more lenient standard" to "Rule 55(c) motions where there has only been an entry of default." *Shepard Claims Serv.,* 796 F.2d at 193. The decision to set aside an entry of default is within the discretion of this Court. *Id.* Federal courts strongly favor trials on the merits. *Berthelsen,* 907 F.2d at 620.

As such, the Court **GRANTS** Defendants' Motion to Set Aside Clerk's Entry of Default [# 15]. The Court **CONDITIONS** its grant of Defendants' Motion on ***Defendants' payment of $1,000 in fees to Plaintiff's counsel within fourteen (14) days of this Order.***

Because the Court has vacated the entry of default, the Court **DENIES** Plaintiff's Motion for Default Judgment [# 10] as moot.

**IT IS FURTHER ORDERED** that Defendants respond to Plaintiff's Complaint *within fourteen (14) days of the date of this Order.*

SO ORDERED.

**All Citations**

Not Reported in F.Supp.3d, 2015 WL 871081

**End of Document**  © 2020 Thomson Reuters. No claim to original U.S. Government Works.